THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CHARLES CASTER, AN INDIVIDUAL; JENNAFER PIKE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DAISHA REYNOLDS,<br><br>Plaintiffs,<br>v.<br><br>S TALBOT, MICHAEL GRAHAM, SHANE NORTON, TAESHA HIGBEE, ANDREW WRIGHT, ANDREW STEED, Summit County Deputies and government employees; DOE DEPUTIES 1-10; et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SERVE WRITTEN DISCOVERY OUT OF TIME<br><br>Case No. 2:23-cv-0656 TS DBP<br><br>Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiffs' Motion for Leave to Serve Written Discovery Out of Time.[1] Plaintiffs seek to serve written discovery after missing the September 28, 2026, deadline to serve the discovery. Plaintiffs fail to meet the required standards set forth in the Federal Rules. Therefore, as set forth below, the court denies the motion.

## BACKGROUND

This matter arises from a tragic rollover crash involving a high-speed chase after Charles Caster and Daisha Reynolds fled in a stolen vehicle.[2] After reaching speeds of approximately 100 miles per hour, police deployed a tire deflating device. The vehicle rolled, Reynolds was

[1] ECF No. 42. This case is referred to the undersigned from Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters.

[2] Amended Complaint ¶¶ 29-49.

ejected from the vehicle and then died at the scene. Caster was seriously injured and transported by medical helicopter to a local hospital.

In September 2023 Plaintiffs filed this case bringing claims of *inter alia*, excessive force, violations of the United States and Utah Constitutions, and 42 U.S.C. § 1983 Monell Liability. A scheduling order was entered by the court in February 2026 after some motion practice and delay by the parties. The Scheduling Order set September 28, 2026, as the last day to serve written discovery and November 27, 2026, as the close of fact discovery. Plaintiffs' proposed written discovery contains "114 interrogatories, 108 requests for production, and 107 requests for admission, directed to eight Defendants."[3]

## DISCUSSION

### I. Standard

Plaintiffs' motion is governed by two sections in the Federal Rules. First, in part, by Fed. R. Civ. P. 16(b)(4), which provides a scheduling order "may be modified only for good cause and with the judge's consent."[4] Second, because Plaintiffs' request is made after the written discovery deadline expired, the request is also governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that the court may "for good cause, extend after it has expired "if the party failed to act because of excusable neglect."[5] Therefore, Plaintiffs must show both good cause and excusable neglect.

The Tenth Circuit has noted that good cause and excusable neglect are not identical but are interrelated.[6] The Tenth Circuit has stated:

[3] Motion for Leave to Serve Written Discovery Out of Time at 4.

[4] Fed. R. Civ. P. 16(b)(4).

[5] Fed. R. Civ. P. 6(b)(1)(B).

[6] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much as* would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[7]

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[8] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[9] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[10]

In considering whether excusable neglect is shown, a court considers all relevant circumstances surrounding a party's omission. These include four pertinent factors, which are: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.[11] The Tenth Circuit has held that the third factor, fault in the delay, is "perhaps the most important single factor—in determining whether neglect is excusable."[12]

---

[7] *In re Kirkland*, 86 F.3d at 175 (emphasis in original) (citation modified), *see also Putnam*, 833 F.2d at 905.

[8] *In re Kirkland*, 86 F.3d at 175.

[9] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[10] *Id.* at 701 (citation modified).

[11] *Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023) (unpublished) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *see also Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (providing that although the Pioneer Court's "discussion of excusable neglect ... concerned Bankruptcy Rule 9006(b)(1), ... its analysis rested on the plain meaning of the terms.... Accordingly, the Court of Appeals for the Tenth Circuit has extended the Pioneer standard of excusable neglect to motions arising under ...Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified).

[12] *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir.1986) (finding excusable neglect where filing delay occurred because defendant was seriously ill, heavily medicated, and not represented by counsel)).

## II. Analysis

Turning to the current dispute, Plaintiffs seek to serve written discovery after the deadline. As they acknowledge in their Motion, "Plaintiffs do not claim they were diligent before September 28. The need for written discovery was foreseeable, and it should have been served."[13] Instead, Plaintiffs point to the dissolution of the firm that had prosecuted this case since 2023, asserting that they have since "moved quickly."[14] However, moving quickly does not satisfy the governing standards, particularly the "fault in the delay," which is the single most important factor in determining excusable neglect. Plaintiffs offer no viable excuse for their inaction, and the docket further undermines their claim that a firm dissolution justifies the delay. Plaintiffs' counsel, Dastan D'o, was counsel of record in February 2026 when the stipulated scheduling order was entered. Following dissolution of the Pace Johnson Law Group, Mr. D'o reentered an appearance on September 22, 2026, prior to the written discovery deadline.[15] The record thus confirms that Plaintiffs were fully aware of the written discovery deadline and simply failed to act.

In similar fashion, the other factors for excusable neglect lean in favor of denying Plaintiffs' Motion. Serving 114 interrogatories, 108 requests for production, and 107 requests for admission after a discovery deadline is prejudicial to Defendants. The length of delay, while minimal on its face, will likely increase based on the extent of written discovery, that by Plaintiffs' own admission, should have been served earlier. Further, nothing in the record

---

[13] Motion for Leave to Serve Written Discovery Out of Time at 6.

[14] *Id.*

[15] Notice of Appearance of Counsel.

demonstrates good faith by Plaintiffs in missing the deadline. Plaintiffs have failed to establish excusable neglect.[16]

Finally, as noted by the Tenth Circuit, "good cause requires a greater showing than excusable neglect."[17] On the facts before the court Plaintiffs cannot meet the necessary showing for good cause. Fault in the delay lies with Plaintiffs and Plaintiffs have not shown they exercised diligent efforts in trying to meet the deadline.

**ORDER**

Based upon the foregoing, Plaintiffs fail to establish excusable neglect and good cause in support of their Motion. The Motion is DENIED.

IT IS SO ORDERED.

DATED this 29 October 2026.

Dustin B. Pead
United States Magistrate Judge

[16] Plaintiffs suggest that written discovery should be allowed because the fact discovery deadline has not passed. The court finds no merit to this argument. Written discovery had a separate deadline as agreed to by the parties and the court will not undermine the parties' agreement by merging the deadlines into one fact discovery deadline.

[17] *In re Kirkland*, 86 F.3d at 175 (citation modified).